FILED
2018 Jun-11  PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **THADRICK CRAIG CHERRY** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **UNITED PARCEL SERVICE** | ) | |
| **CO., INC.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.    INTRODUCTION

This is an action for legal and equitable relief to redress unlawful practices at United Parcel Service Co Inc.  This action is brought to secure the protection of and redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, codified at 42 U. S. C. §2000e *et seq.,* as amended by the Civil Rights Act of 1991, codified at 42 U. S. C. §1981a (hereinafter "Title VII"); 42 U. S. C. §1981.

Plaintiff Requests a Trial by Jury to all issues triable to a jury.

### II.    JURISDICTION AND ADMINISTRATIVE EXHAUSTION

1.    Jurisdiction is invoked pursuant to 28 U. S. C. §§1331, 1343(a)(3) and 1343(a)(4), 28 U. S. C.

2.    A substantial part of the unlawful employment practices challenged in this action occurred in Etowah County, Alabama.  Venue is proper pursuant to 28 U. S. C. §1391(b) and 42 U. S. C. §2000e-5.

1

3.      Plaintiff has met all conditions precedent for filing this case under Title VII.

**III.      PARTIES**

4.      Plaintiff, Thadrick Craig Cherry, is an African-American male citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama.  Plaintiff was born in 1989.

5.      Defendant, United Parcel Service Co. Inc, is an entity subject to Title VII.

**IV.      FACTS**

6.      Plaintiff began working for Defendant on July 25, 2016 as a warehouse employee.

7.      On or about March 17, 2017, Plaintiff was given a documented talk about production.  Plaintiff was told that he was not moving fast enough and things were piling up.  Plaintiff responded that things had been that way all week even when Plaintiff wasn't working that position.  Even though the backlog was a facility wide problem, Plaintiff is unaware of any other workers having the same conversation with a manager.

8.      Plaintiff requested March 31, 2017 off from work to attend a wedding rehearsal.  Plaintiff's request was denied, and then that date was given off to someone else who had asked later than the Plaintiff.

9.      Later on or about September 2017, Plaintiff was having conversation with supervisor, Taylor Walker.  During this conversation, Taylor Walker abruptly changed the subject to discuss Walker's ex-girlfriend.   Plaintiff knew Walker's ex-girlfriend because they had went to high school together.  Taylor Walker told Plaintiff that part of the reasoning behind their breakup was that she desired to "adopt black children" if they

2

got married. Taylor Walker told Plaintiff that he strongly opposed this, and that it was one of the reasons behind their breakup.

10. On or about September 2017, Taylor Walker shifted the focus of a separate conversation towards race. Taylor Walker asked Plaintiff if Plaintiff thought white privilege and black privilege were a real thing. Taylor Walker expressed a strong opinion to Plaintiff that he didn't think white privilege was a real thing, and he didn't understand how other people could think that white privilege existed.

11. Further, he asked Plaintiff if Plaintiff thought that he was racist. Plaintiff told Taylor Walker that Plaintiff had seen him say and do things that would make people potentially believe it. Taylor Walker later told Plaintiff that he had been accused of being racist in the past dealing with a separate worker, Isaiah Stewart.

12. On or about October 2017, Plaintiff was offered a position with the State of Alabama Probation and Paroles. Plaintiff notified supervisors, Taylor Walker and Wiley Owen, that Plaintiff would need time off to attend mandatory training for his new job in Selma. Both supervisors told Plaintiff that would not be an issue.

13. On November 8, 2017, Taylor Walker issued a 7 day suspension letter to Plaintiff for missing the days Plaintiff was in mandatory training that had previously cleared to be off. Plaintiff contested this suspension with a Union grievance, and the suspension was never served.

14. On November 27, 2017, Plaintiff asked Wiley Owen if Plaintiff could be off work on November 29 and November 30 for mandatory training with his new job. Wiley Owen told Plaintiff that it would be no problem.

3

15.   On November 29, 2017, Taylor Walker called Plaintiff to inquire where Plaintiff was.  Plaintiff told Taylor Walker that he was at the mandatory training for his new job, and that Plaintiff had already been given time off for the training.  Walker then told Plaintiff that Plaintiff could either quit or Taylor Walker would terminate Plaintiff.  Plaintiff told Walker to do what Walker deemed necessary, but Plaintiff refused to quit.  To this date, Plaintiff has not been given any paperwork regarding Plaintiff's termination.

16.  After that day, Plaintiff attempted to contact Wiley Owen and Taylor Walker to discuss Plaintiff's job status and return to work.  Neither Wiley Owen nor Taylor Walker returned contact with Plaintiff.

17.  At the times that Plaintiff was employed at UPS, and in times since Plaintiff's last day there, other white employees had been absent or late to work, and those white employees were not reprimanded in the same way as the Plaintiff.

18.   As a result of the Defendant's conduct, Plaintiff has suffered severe emotional distress, mental anguish, pain and suffering, anxiety, humiliation, inconvenience, and loss of enjoyment of life.

19.  Defendant's discriminatory environment and termination of Plaintiff were done with malice and/or reckless indifference to the Plaintiff's federally protected rights.

20.  Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, back pay, liquidated damages, and compensatory and punitive damages is his only means of securing adequate relief.

21.  Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this court.

## V.      CLAIMS

### COUNT 1- RACE DISCRIMINATION UNDER TITLE VII

22.     Plaintiff re-alleges and incorporates by reference paragraphs 1-21 above with the same force and effect as if it fully set out in specific detail hereinbelow.

23.     As discussed above, Defendant terminated Plaintiff, at least in part, on Plaintiff's race.  Defendant further discriminated against Plaintiff in the manner that off days were allocated, and selectively reprimanding him due to race.  This conduct violated the proscriptions against discrimination on the basis of race set forth in Title VII.

### COUNT II – RACE DISCRIMINATION UNDER 42 U. S. C. §1981

24.     Plaintiff re-alleges and incorporates by reference paragraphs 1-21 above with the same force and effect as if fully set out in specific details hereinbelow.

25.     As discussed above, Defendant terminated Plaintiff, at least in part, on Plaintiff's race.  Defendant further discriminated against Plaintiff in the manner that off days were allocated, and selectively reprimanding Plaintiff due to his race.  This conduct violated the proscriptions against discrimination on the basis of race set forth in 42 U. S. C. §1981.

## VI.        PRAYER FOR RELIEF

**WHERFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

5

1.      Grant Plaintiff a declaratory judgment holding that the actions of the Defendant described hereinabove violated and continue to violate the rights of the Plaintiff as secured by Title VII and 42 U. S. C. §1981

2.      Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and on Defendant's behalf from continuing to violate Title VII and 42 U. S. C. §1981.

3.      Grant Plaintiff an order requiring Defendant to make Plaintiff whole by awarding Plaintiff his front pay.  Plaintiff further prays that the court award his back pay (plus interest); compensatory, punitive (to the extent available), liquidated and/or nominal damages; and such other relief and benefits as the cause as justice may require, including but not limited to, an aware of costs, attorneys' fees and expenses.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY TO ALL ISSUES TRIABLE BY JURY

s/Brett Hamock
ASB-0723-T60H
Attorney for Plaintiff
Brett Hamock Attorney at Law
2325 Henry Street
Guntersville, AL 35976
Telephone: 256-582-9500
Fax:        256-582-0200
Email:  brett.hamock@gmail.com

Defendant:

United Parcel Service Co Inc.
Corporation Service Company Inc.
641 S. Lawrence Street
Montgomery, AL 36104

6